Filed 12/29/25  P. v. Nolen CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C102676 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR84039) |
| v. | |
| RICKY GENE NOLEN, JR., | |
| Defendant and Appellant. | |

Defendant Ricky Gene Nolen, Jr. appeals after the trial court declined to resentence him under Penal Code section 1172.75.[1]  On appeal, the parties agree the trial court erred.  We agree with the parties and will vacate the court's order and remand for resentencing.

---

[1]  Undesignated statutory references are to the Penal Code.

1

BACKGROUND

In 2013, a jury found Nolen guilty of carjacking, kidnapping, assault with a deadly weapon, and attempted robbery and found true allegations that he personally used a deadly weapon in the commission of the offenses. Nolen admitted that he had previously been convicted of a serious or violent felony within the meaning of California's Three Strikes law and a serious felony within the meaning of section 667, subdivision (a). He also admitted that he previously served a term in prison within the meaning of former section 667.5, subdivision (b). The trial court sentenced Nolen to an aggregate term of 23 years 8 months in prison. The sentence included a five-year prior serious felony enhancement, a three-year enhancement for use of a deadly weapon, and a stayed one-year enhancement for use of a deadly weapon. The court also imposed and stayed a one-year prior prison term enhancement under former section 667.5, subdivision (b).

In 2023, Nolen asked the trial court to resentence him pursuant to the newly enacted section 1172.75 and to dismiss his prior strike conviction and all of the enhancements. The People argued that Nolen was not eligible for resentencing under section 1172.75 because the sentencing court had stayed the prior prison term enhancement. The court agreed with the People, citing *People v. Rhodius* (2023) 97 Cal.App.5th 38, reversed in *People v. Rhodius* (2025) 17 Cal.5th 1050, and declined to resentence Nolen. Nolen filed a timely notice of appeal.

DISCUSSION

On appeal, the parties agree that the trial court erred by declining to resentence Nolen. We agree with the parties.

Six months after the trial court issued its order, the state Supreme Court reversed the decision on which the trial court had relied. In *People v. Rhodius*, *supra*, 17 Cal.5th 1050, 1054, our state high court held that "section 1172.75 entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that

2

was imposed before January 1, 2020, regardless of whether the enhancement was then executed or instead stayed."

Here, the trial court erroneously declined to resentence Nolen under section 1172.75.  Because the court never exercised its discretion under the statute, we remand for it to do so in accordance with the mandatory procedures for recall and resentencing under section 1172.75.  (*People v. Rhodius*, *supra*, 17 Cal.5th at pp. 1067-1068 & fn. 3.)

## DISPOSITION

The order declining to resentence Nolen is vacated and the matter is remanded for further proceedings consistent with this opinion.


    /s/
FEINBERG, J.


We concur:


    /s/
HULL, Acting P. J.


    /s/
ROBIE, J.

3